IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MS. WESLEY FOUST-GRAHAM GOODWIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15CV458 |
| SUSAN KELLY GOODWIN CLARK, et al., | ) ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a Complaint [Doc. #3] alleging a number of state law and federal civil rights claims. In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis [Doc. #1]. "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. See Nasim, 64 F.3d at 955-56; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

-2-

Case 1:15-cv-00458-LCB-JEP   Document 6   Filed 09/03/15   Page 2 of 11

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not contain "sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

[certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy." (internal quotation omitted)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from defendants with immunity from such relief.

## Basic Facts and Allegations

Despite being lengthy and naming over thirty Defendants, the Complaint contains relatively few factual allegations. According to Plaintiff, she is an African-American woman formerly married to James L. Goodwin, who was Caucasian. After the death of Mr. Goodwin, litigation ensued between Plaintiff and Kelly Goodwin Clark. Plaintiff accuses Clark of wrongfully withdrawing money from business accounts and engaging in civil litigation which resulted in Clark taking Plaintiff's residence in or about 2006. In 2012, Clark also had Plaintiff arrested for trespassing and communicating threats, resulting in Plaintiff's eventual conviction. Plaintiff now seeks to raise claims against Clark, a number of private attorneys involved in either the prior civil or criminal litigation, a number of state court judges involved in that litigation, the district attorney and an assistant district attorney, and state and federal agencies and/or their employees to whom she complained about alleged corruption. An overarching theme of Plaintiff's Complaint is that there exists a conspiracy to subvert justice in the North Carolina state courts.

-4-

Case 1:15-cv-00458-LCB-JEP   Document 6   Filed 09/03/15   Page 4 of 11

As an initial matter, the Court notes that Plaintiff is attempting to undermine her conviction or sentence for trespassing. As part of her relief, Plaintiff asks this Court to "squash" three state court cases, one of which is a criminal case. (Compl. [Doc. #3] at 24.) For that criminal case, Plaintiff also asks that this Court release her from the "unlawful probation" that was imposed upon her. (Id.) Plaintiff would not be permitted to undermine her conviction and sentence without first showing that such conviction had been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff fails to do so and, therefore, the claims challenging her criminal conviction(s) should be dismissed.

In addition, the only apparent basis for this Court's jurisdiction based upon the allegations in Plaintiff's Complaint is 42 U.S.C. § 1983. However, Plaintiff names as Defendants many attorneys who are not employed by any federal, state, or local government but who had some connection with Plaintiff's court cases or were asked by Plaintiff to investigate her claims. These Defendants are Norman B. Smith, Abraham Frank Johns, Robert A. Wells, Steven E. Black, Amiel J. Rossabi, Anthony C. McLaughlin, Clinton Orville Light, and James B. Weeks. Private attorneys such as these do not act "under color of state law" and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981).

For this reason, Plaintiff cannot pursue claims against these Defendants via § 1983 and, if she has a remedy against these attorneys, she must find it under the appropriate state law.

Plaintiff names Susan Kelly Goodwin Clark as the primary Defendant. However, as with the above private attorneys, there is no allegation that Ms. Clark acted under color of state law during any relevant time period. She, therefore, cannot be liable under § 1983.

Plaintiff also names as Defendants several North Carolina state judges and complains about their judicial actions. These Defendants are Andrew Robinson Hassell, William Z. Wood, Jr., John O. Craig, III, Angela Bullard Fox, and R. Stuart Albright. However, judges have absolute immunity for their judicial actions. See Stump v. Sparkman, 435 U.S. 349 (1978); Pierson, 386 U.S. at 553-54. Claims against these Defendants should therefore be dismissed.

Plaintiff names as Defendants the Guilford County District Attorney's Office, the District Attorney, J. Doug Henderson, and an assistant district attorney, William Sean Reavis. She claims that they "covered up" for other Defendants and had her falsely arrested and incarcerated in September 2014. (Compl. [Doc. #3] at 11-12.) However, prosecutors have absolute immunity for their participation in the judicial process. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Plaintiff fails to allege any facts suggesting that these Defendants were acting as anything other than prosecutors at the relevant times. Moreover, her claims of false arrest fail to state a claim because they are far too conclusory. See Iqbal, 556 U.S. at 678. Therefore, Plaintiff states no claim against these Defendants.

-6-

Plaintiff also names the Federal Bureau of Investigation as a Defendant. She claims that the agency refused to help her stop the alleged corruption of justice and civil rights violations. She seeks damages against this Defendant. (Compl. [Doc. #3] at 26.) Even if this claim is considered under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), it fails because such actions are not cognizable against federal agencies due to sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475, 484-86 (1994) ("An extension of Bivens to agencies of the Federal Government is not supported by the logic of Bivens itself.") The questions of whether any individual agents may be liable, or whether Plaintiff has an action under the Federal Tort Claims Act, are not presented based upon Plaintiff's very conclusory presentation of the facts.

Plaintiff also names as Defendants the North Carolina State Bar ("Bar" or "State Bar") and several attorneys or individuals employed by the Bar or in some way associated with it. She claims that she filed a complaint in 2005 about internal corruption within the Bar. Plaintiff further claims that Defendant Nicole P. McLaughlin, apparently an employee of the State Bar, investigated her complaint but "falsified the report of investigation into Attorney Misconduct & Ethical Violations." (Compl. [Doc. #3] at 3.) This allegation of falsifying a report is totally conclusory and devoid of any supporting facts. Plaintiff also claims that other employees or associates of the State Bar have "refused to listen [to Plaintiff] and cover[ed] up for Defendant N. McLaughlin." (Id. at 9.) These Defendants are L. Thomas Lunsford, II, Katherine E. Jean, Ronald G. Baker, Sr., Edward R. White, Jr., L. Crane, Judith Treadwell, and Ronald L. Gibson.

(Id.)  Plaintiff's allegations present only a generalized claim that the State Bar and its officials failed to properly discipline its members.

The North Carolina State Bar is an agency of the State of North Carolina. N.C. Gen. Stat. § 84-15; see also Myers v. North Carolina, 5:12-CV-714-D, 2013 WL 4456848, slip op. at *4 (E.D.N.C. Aug. 16, 2013). Plaintiff seeks damages from the State Bar. (Compl. [Doc. #3] at 25.) The State Bar and its agents acting in their official capacity are cloaked with Eleventh Amendment immunity from damages. See Myers, 2013 WL 4456848 at *4; Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (the Eleventh Amendment bars suits against the state, absent waiver or congressional abrogation). There is no plausible allegation that the state's immunity has been waived or abrogated. Moreover, just as prosecutors enjoy absolute immunity for their decisions to prosecute or not prosecute a criminal defendant, state bar officials charged with making similar decisions enjoy such absolute immunity for those decisions. Myers, 2013 WL 4456848 at *4 ("This prosecutorial immunity extends to state bar officials performing a disciplinary role."); cf. Ostrzenski v. Seigel, 177 F.3d 245, 248-51 (4th Cir. 1999) (recognizing absolute immunity for preparer of peer review report for state medical disciplinary board). Finally, Plaintiff's allegations of a State Bar "cover up" or of the Bar officials "refusing to listen" to Plaintiff fail to state any claim upon which relief could be granted. Therefore, all claims against these Defendants should be dismissed.

Plaintiff also names the Guilford County Sheriff's Department and the Greensboro Police Department as Defendants. Plaintiff claims that these departments refused to help her stop civil rights violations and the corruption of justice. Plaintiff is apparently relying on

*respondeat superior* for her claims against these entities. (Compl. [Doc. #3] at 18-20.) That theory of liability is not available in § 1983 actions. See <u>Monell v. Dep't of Soc. Servs of City of New York</u>, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Plaintiff fails to state a claim against these two Defendants.

Finally, Plaintiff names several state agencies or arms of the state. She seeks damages from the North Carolina Judicial Standards Commission ("Commission"). The Commission is a creature of the state legislature formed to investigate and resolve questions regarding the qualification or conduct of any judge or justice of the General Court of Justice. N.C. Gen. Stat. § 7A-374.1 (2013). It is considered an arm of the state for Eleventh Amendment immunity purposes. See <u>D'Alessandro v. State of North Carolina</u>, 5:14-CV-16-BO, 2014 WL 2535222, slip op. at *2 (E.D.N.C. Mar. 27, 2014) (recommending summary dismissal of claims against Commission based upon sovereign immunity). The North Carolina Department of Justice is a state agency, and North Carolina Attorney General Roy A. Cooper III is a state official. Plaintiff also names as Defendants the North Carolina Financial Crimes Initiative and two of its prosecutors, Tammy J. Smith and William Scott Harkey. The Financial Crimes Initiative is a program of the North Carolina Conference of District Attorneys. Plaintiff seeks damages from each of these Defendants. (Compl. [Doc. #3] at 25-26.)

-9-

As discussed above with regard to the North Carolina State Bar, agencies of the state and its agents acting in their official capacity are cloaked with Eleventh Amendment immunity from damages. See Myers, 2013 WL 4456848 at *4; Will, 491 U.S. at 66. Therefore, Plaintiff fails to state a claim for damages against the North Carolina Department of Justice, Attorney General Cooper in his official capacity, the North Carolina Judicial Standards Commission, and the North Carolina Financial Crimes Initiative. The individual prosecutors, Smith and Harkey, are shielded by prosecutorial immunity for their actions in deciding not to file criminal charges against a defendant based upon Plaintiff's complaints. Any claim against Attorney General Cooper in his individual capacity is based upon *respondeat superior* (see Compl.[Doc. #3] at 21), which as discussed above is a theory not available in this § 1983 action. See Monell, 436 U.S. 658. Plaintiff has failed to state a claim for damages against any of these Defendants.

To the extent that Plaintiff seeks injunctive relief, or relief which may not be barred by immunity from damages, she has not requested a proper injunction. Plaintiff's requests for injunctive relief involve reviewing and overruling state court decisions. By way of example, Plaintiff asks this Court to restore her rights to real property that were settled in a state court estate proceeding. (Compl. [Doc. #3] at 25.) However, the "Rooker-Feldman doctrine" prohibits federal district courts from asserting subject matter jurisdiction for the purpose of reviewing state court decisions. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923). Thus, a party that loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the

loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that, under the Rooker–Feldman doctrine, a federal court cannot assert jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Moreover, Plaintiff has not stated sufficient facts to justify any injunctive relief that she has requested. Plaintiff's request for injunctive relief should also be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous, for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief.

This, the 3rd day of September, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge