| | | |
|---|---|---|
| WESLEY FOUST-GRAHAM GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV458 |
| | ) | |
| SUSAN KELLY GOODWIN CLARK, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Motion [Doc. #11], which the Court will construe as a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] Plaintiff, proceeding *pro se*, seeks reconsideration of the Judgment [Doc. #10] entered on October 27, 2015, dismissing this action. For the reasons set out below, Plaintiff's Motion should be denied.

A Rule 59(e) motion is an "extraordinary remedy" that may be granted only in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

---

[1] Petitioner's Motion is captioned as "Objections to Judge Biggs Judgment & Order MOTION for IFP Reasonable Inquiry. Fed. R. 11(1)(2); Pro Se Standing Order No. 2 Permission, and MOTION for A Writ of Prohibition." The Court concludes that Petitioner's Motion should be construed as a Rule 59(e) motion because it was filed within 28 days after entry of judgment. See Fed. R. Civ. P. 59(e).

In this case, Plaintiff has failed to show any extraordinary circumstances that would merit relief. She also has not shown any intervening change in controlling law, new evidence not previously available, that a clear error of law was made, or that granting reconsideration is necessary to prevent manifest injustice. Accordingly, Plaintiff's Motion should be denied.

IT IS THEREFORE RECOMMENDED that Plaintiff's Rule 59(e) Motion [Doc. #11] be denied.

This, the 1st day of December, 2015.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge